## Case No. 14,030.

### In re TIFFT.

[17 N. B. R. 550.] [1]

District Court, E. D. New York. April 3. 1878.

BANKRUPTCY—EXAMINATION OF BANKRUPT—PRIORITY—POWER OF ATTORNEY—REGISTER'S RULINGS—FEES.

1. At an adjourned composition meeting, after waiting a reasonable length of time, the register allowed a creditor to continue his examination of the debtor, which had been taken at regularly adjourned meetings. Subsequently the attorney for another creditor appeared and asked permission to continue an examination which had previously been closed, and that all the testimony taken at such meeting be stricken out, which was denied. It appearing that his power of attorney had been revoked, he then asked permission to go on with the examination in behalf of another creditor, which was also denied. Held, that the register was right in refusing to suspend the examination then pending. No other creditor was entitled to priority at that time.

2. The attorney asked permission to examine the bankrupt as to the circumstances under which the revocation of his power of attorney had been obtained, which was refused. Held, no error.

3. The register refused to suspend the examination then pending until the questions certified by him could be decided. Held, no error.

4. The register is entitled to require that his lawful fees, for conducting the inquiry instituted by the creditor, should be paid or secured before entering thereon.

5. The register is also entitled to one dollar for his certificate.

[In the matter of Alanson H. Tifft, a bankrupt.]

By D. C. WINSLOW, Register:

This is an adjourned composition meeting for the purpose of examining the bankrupt, appointed to be held at 11 o'clock a. m. Mr. A. C. Aubrey was present as counsel for the debtor; Mr. Louis Henry as a creditor. Mr. C. H. Phelps does not appear at 11:20. Mr. Henry calls the debtor for further examination. Mr. Aubrey objects upon various grounds, among others that "a creditor desiring such examination must pay the register's fees for such examination." Register rules that his fees for such examination must be paid or secured, at the rate of $5 per day and twenty cents a folio for such examination. Mr. Henry excepts, and tenders $10 as security.

[1] [Reprinted by permission.]

Mr. Phelps having appeared, asks to continue the examination of the bankrupt closed by me on March 11th, and moves that the proceedings thus far taken this morning at the instance of Mr. Henry be stricken out. Motion denied.

Mr. Phelps is asked by Mr. Aubrey for whom he appears. Mr. Phelps says for the Enterprise Manufacturing Company.

Mr. Aubrey presents power of attorney to Wm. Berri and others in behalf of the Enterprise Manufacturing Company of Pennsylvania, and revoking all previous powers. Mr. Phelps objects to the sufficiency of the acknowledgment, and that it had been corruptly obtained. Register rules the acknowledgment sufficient, and files the power of attorney.

Mr. Phelps asks to be allowed to examine the bankrupt as to the manner of obtaining the revocation of the power of attorney and the obtaining a new one. Register denies the permission for the present. Mr. Phelps excepts to the ruling, and then asks permission to go on with the examination of the bankrupt on behalf of the Brooklyn Brass & Copper Company. Register says he will allow him to go on at the proper time, but that the time now belongs to Mr. Henry.

Mr. Phelps objects to Mr. Henry's deposit as security for costs of examination, and also to the register requiring such a deposit, and also objects to paying the fee of $1 required of him by the register for this certificate. and pays it under protest.

The questions then to be submitted for the decision of the judge are:

I. Had Mr. Phelps priority under the circumstances in the examination of the debtor? A provision of the composition act is that "the debtor shall be present at the meeting and answer any inquiries made of him." Having waited twenty minutes after the appointed time for the meeting, and a number of creditors being present besides Mr. Henry, I saw no reason why the examination, which he had taken on the 12th, 13th and 14th insts., at regularly adjourned composition meetings. should not be continued, and it was not until after he had entered upon the examination of to-day that Mr. Phelps appeared and claimed priority. In point of fact, the creditor for whom Mr. Phelps had examined the debtor thus far had revoked his authority, and Mr. Phelps. if continuing the examination at all. must do it on behalf of some other creditor.

II. Was the register right in denying an examination of the debtor, as to the manner of obtaining the revocation of the power of attorney from the Enterprise Manufacturing Company to Mr. Phelps, and the execution of a new power of attorney to Mr. Berri and others? I do not think that those questions were proper subjects of inquiry at that time. Mr. Henry had entered upon the examination of the debtor, and I saw no reason for interrupting him for such a purpose.

III. Mr. Phelps demanded to examine the

bankrupt on behalf of the Brooklyn Brass and Copper Company, which was also denied for the reason that, in my opinion, Mr. Henry had precedence.

IV. Mr. Phelps objected to the register's requiring a deposit as security for the costs for the examination of the debtor by Mr. Henry. The real objection of Mr. Phelps probably was to the precedent made by Mr. Henry, which might be urged against him hereafter. I think section 5008 is full authority for the course pursued by me. General order 29 is even more explicit. It provides that "the fees of the register shall be paid or secured in all cases before he shall be compelled to perform the duties required of him, by the parties requiring such services." It is for the examination of the debtors by the creditor that the fees were required, and not for the general purposes of the composition proceedings. I think the payment of these fees will operate as a wholesome restraint upon these examinations.

V. Mr. Phelps also objected to the payment of one dollar for this certificate. If he is entitled to this certificate at all, the fee bill clearly provides for the payment of one dollar for it.

VI. Mr. Phelps asked for a suspension of the examination by Mr. Henry, until the questions here certified could be decided. If this practice were tolerated, no proceedings in bankruptcy, however simple, could ever be brought to a close against the wishes of ingenious counsel.

March 22, 1878.

[For prior proceedings in this litigation, see Case No. 14,036.]

A. C. Aubrey, for bankrupt.
C. H. Phelps, for Joseph Scheider & Co.

BENEDICT, District Judge. I am of the opinion that the register was right in declining to suspend the examination then pending. No other creditor was at that time entitled to a priority. The register was also right in declining to allow an examination to be entered into, as to the circumstances under which the authority of the attorney claiming to examine the bankrupt had been revoked. The register was entitled to require that his lawful fees, for conducting the inquiry instituted by the creditor should be paid or secured. The statute, as well as general order 29, give him that right. Whether, where the proceeding is a meeting of creditors to consider a proposition for composition, and the inquiry is instituted by one of the creditors, the expense of such inquiry should be borne by the bankrupt, or the creditor, may not be entirely clear, I incline to the opinion that such fees are chargeable, in the first instance, to the creditor propounding the inquiry. In this case. therefore, the register was right in declining to continue the inquiry unless his fees were paid or secured by the creditor. The fee of one dollar for the certificate is correct. Such fee is plainly provided for in the fee bill. The register was

correct in refusing to suspend the inquiry instituted by another party, pending the decision of the court of the question presented by this certificate.

[For subsequent proceedings in this litigation, see Cases Nos. 14,029, 14,031–14,035, and 11 Fed. 463.]